UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-75-D
No. 4:16-CV-119-D

| | |
|---|---|
| TREVIN MAURICE GIBSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Trevin Maurice Gibson ("Gibson" or "petitioner") moves to vacate his sentence under 28 U.S.C. § 2255 [D.E. 353, 363]. As explained below, the court dismisses Gibson's section 2255 motions and denies a certificate of appealability.

I.

On June 20, 2016, Gibson moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 353]. On June 25, 2016, Gibson moved a second time under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 363]. Gibson contends that his conviction under 18 U.S.C. § 924(c) is no longer valid following Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 363] 4; [D.E. 353] 4. In support, Gibson argues that Hobbs Act robbery in violation of 18 U.S.C. § 1951 and conspiracy to commit Hobbs Act robbery fail to qualify as a predicate crime of violence for a section 924(c) conviction. See [D.E. 363] 4; [D.E. 353] 4.

On October 7, 2016, the court stayed this action pending decisions in United States v. Walker, No. 15-4301, 2019 WL 3756052 (4th Cir. Aug. 9, 2019), and United States v. Simms, 914

F.3d 229 (4th Cir. 2019) (en banc) [D.E. 378]. On August 13, 2019, the court directed the parties to submit supplemental briefing concerning Gibson's motion to vacate [D.E. 407].

On September 10, 2019, respondent moved for an extension of time to respond to this court's order [D.E. 418]. On September 11, 2019, the court granted respondent's motion [D.E. 424]. On September 20, 2019, respondent filed a response arguing that the court should dismiss Gibson's motion because Hobbs Act robbery is a crime of violence. See [D.E. 424] 4–5. Gibson did not respond.

A petitioner bringing a collateral attack under section 2255 bears the burden of proving that the sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255(a). A petitioner must prove his grounds for collateral relief by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

18 U.S.C. § 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In United States v. Davis, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. See 139 S. Ct. 2319, 2323–24 (2019). However, in United States v. Mathis, the Fourth Circuit held "that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." 932 F.3d 242, 266 (4th Cir. 2019). Moreover, Gibson's section 924(c) convictions in count one and count two of the criminal information were predicated on separate Hobbs Act robbery offenses, and not on conspiracy to

2

commit Hobbs Act robbery. See [D.E. 220] 1–2; Presentence Investigation Report ("PSR") [D.E. 249] ¶¶ 8–12; Plea Agreement [D.E. 231] ¶ 3; Rule 11 Tr. [D.E. 305] 13–26. Thus, Gibson's section 2255 claims fail.

After reviewing the claims presented in Gibson's motions, the court finds that reasonable jurists would not find the court's treatment of his claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court LIFTS the stay, DISMISSES petitioner's section 2255 motions [D.E. 363, 353], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 20 day of September 2019.

JAMES C. DEVER III
United States District Judge